TJOFLAT, Circuit Judges,
concurring specially.
As the court properly holds, in enhancing the defendant’s sentences, the district court committed Booker error that is plain. Ante at-. Turning to the third prong of the plain-error inquiry, the court concludes that appellant failed to establish that the court would likely have imposed lesser sentences had it treated the Guidelines as advisory rather than mandatory. Ante at
As I explain in my dissent to the court’s refusal to rehear Rodriguez en banc, the enhancement of a defendant’s sentence on the basis of facts the defendant neither admits nor the jury finds beyond a reasonable doubt is structural error; hence, the third prong of the plain-error test is inapplicable. See United States v. Rodriguez, 406 F.3d 1261 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, we should consider whether the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993). We decline to take that step, however, because the prior-panel rule requires that we adhere to Rodriguez’s holdings.